THOMAS L. NELSON & another *vs.* WILLIAM HARRINGTON.

The contract of one who places his name, waiving demand and notice, on the back of a promissory note, while in the hands of an indorsee for value, at the request of such indorsee, for a consideration moving solely from him, and without any request, express or implied, of the first indorser, is not that of a second indorser, but of a guarantor; and if, after the commencement of proceedings in insolvency against the first indorser, he pays the note, he cannot set off the amount in an action by the assignee in insolvency upon a debt due from him to the insolvent.

ACTION OF CONTRACT by the assignees in insolvency of Thomas Earle for goods sold by Earle to the defendant. The defendant admitted the debt; but claimed to set off the amount paid by him, since the commencement of the proceedings in insolvency and before the bringing of this action, upon a promissory note made by third persons, payable in six months to and indorsed by Earle, and discounted for him at the Central Bank at the time of its date, and upon the back of which the bank, while the note was their property and before its maturity or the insolvency of Earle, for a valuable consideration as between the bank and the defendant, and without Earle's knowledge or consent, procured the defendant to write his name, " waiving right to demand and notice." The case was submitted to the judgment of the court upon the facts above stated.

*P. C. Bacon & T. L. Nelson,* for the plaintiff.

*D. Foster & G. W. Baldwin,* for the defendant. The contract of the defendant, both in form and in legal effect, is that of second indorser upon the note on which Earle was first indorser, and he became liable only to the responsibilities, and entitled to all the privileges, incident to such a contract. *Hopkins* v. *Liswell,* 12 Mass. 52. *Pierce* v. *Mann,* 17 Pick. 244. *Union Bank* v. *Willis,* 8 Met. 504. *Howe* v. *Merrill,* 5 Cush. 82. *Bigelow* v. *Colton,* 13 Gray, 309. *Clapp* v. *Rice,* 13 Gray, 403. *Hall* v. *Newcomb,* 3 Hill, 233, and 7 Hill, 416. *Ellis* v. *Brown,* 6 Barb. 282. *Spies* v. *Gilmore,* 1 Comst. 321. *Durham* v. *Manrow,* 2 Comst. 548. *Greenough* v. *Smead,* 3 Ohio State R. 415. Story on Notes, § 134. Even if the contract is to be

treated as one of guaranty, the defendant was entitled, upon payment to the holder, to his remedy on the note against all the prior parties thereto, notwithstanding they were ignorant that he had become a party to the note. *Houle* v. *Baxter*, 3 East, 177. *Hankey* v. *Smith*, 3 T. R. 507. *Phillips* v. *Astling*, 2 Taunt. 206. *Washington Bank* v. *Shurtleff*, 4 Met. 30. *Ellsworth* v. *Brewer*, 11 Pick. 316. The right of set-off depends upon general equitable principles, according to which the assignees can only recover the balance justly due after deducting every claim, of whatever nature, that the party whom they have sued would be entitled to make against the insolvent in any form or before any tribunal. *St.* 1838, *c.* 163, § 3. *Aldrich* v. *Campbell*, 4 Gray, 284. *Rose* v. *Hart*, 1 Smith Lead. Cas. & notes. Byles on Bills, *c.* 27. *Marks* v. *Barker*, 1 Wash. C. C. 178. *Hulme* v. *Muggleston*, 3 M. & W. 30. *Russell* v. *Bell*, 8 M. & W. 277. *Alsager* v. *Currie*, 12 M. & W. 751. *Bittleton* v. *Timmis*, 1 C. B. 389. *Bolland* v. *Nash*, 8 B. & C. 105. *Collins* v. *Jones*, 10 B. & C. 777.

BIGELOW, C. J. We think it very clear, that the defendant's claim to set off the note now held by him against the debt due from him to the estate of the insolvent cannot be maintained. At the time of the first publication of the proceedings in insolvency, the insolvent was not indebted to the defendant, nor was there any contract then subsisting between them out of which any indebtment has since arisen. It is true that the note on its face purports to be in the hands of the defendant as indorsee; but to ascertain the legal rights of the parties in the present case, it is necessary to look behind the form of the contract into its substance.

By the facts agreed, it appears that the note, prior to the insolvency of the first indorser, had never been in the hands of the defendant, nor was it indorsed by him at the request, either express or implied, of the first indorser. On the contrary, it is agreed that it passed in the regular course of business into the possession of the Central Bank, who held it as indorsees for value prior to and at the time of the commencement of proceedings in insolvency. While they so held it, at

their request and for a consideration moving solely from them, the defendant placed his name on the back of the note, with an agreement to waive demand and notice.

What then was the legal effect of this contract with the bank? Certainly not to make him an indorsee upon the note, in relation to the bank, or to give him the character of an indorsee towards the promisor or prior indorsers. The note had never been in his hands; no title to it was conveyed by his indorsement; there was no privity of contract subsisting between him and the first indorser. He did not, strictly speaking, become a party to the note. His contract was one of guaranty only, and he was liable solely by virtue of the separate and independent agreement which he had entered into with the bank. He had no title to the note itself, had incurred no liability upon it, and had acquired no right as against the first indorser at the time of the commencement of the insolvent proceedings.

The case is widely different in its legal effect from that which would have existed, if the defendant had been an indorser on the note, either for the accommodation of the maker, or for value in the regular course of business. Every person, who becomes a party to a negotiable note by placing his name upon it as indorser in order to pass a title to it to the holder, does so at the implied request of the maker. The contract of the promisor at the inception of the note is that he will pay its contents to any one who shall become the indorsee or holder. The law creates the duty and establishes the privity between him and every subsequent party to the bill. But this duty and privity do not extend to persons who are not in a proper sense indorsees or holders.

The defendant in the present case stood in no such relation. The bank held the note as indorsees, and his contract of guaranty was made without any request, either express or implied, from the maker or first indorser of the note. It was not until he paid the note to the bank in pursuance of his agreement, that he acquired any title to it or any right or claim under it. He then acquired only the right which the bank pre-

viously had as indorsees, which was to prove the note against the estate of the insolvent, and receive a dividend thereon. But he obtained no such title as would enable him to go back to the inception of the note, and support a claim upon it in set-off as a debt due to him at the time of the commencement of the proceedings in insolvency.

*Set-off disallowed; judgment for the plaintiffs.*